Page 1 of 4

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EMERSON O. DAVIS,**

 Petitioner,

vs. Case No. 4:06cv300-SPM/WCS

**STATE OF FLORIDA,**

 Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

 This cause is before the court on the filing of a 28 U.S.C. § 2254 petition and supporting memorandum with appendix. Docs. 1, 2 and 3. Related motions are addressed by separate order.

 Petitioner challenges his 1989 conviction out of the Circuit Court in Gadsden County. Doc. 1, p. 1. He claims ineffectiveness of counsel for failing to file a notice of appeal and failing to file a JRAD (judicial request against deportation). *Id.*, pp. 6-7; doc. 2, p. 6. Petitioner claims his sentence of 42 months imprisonment and 60 months probation on count one exceeded the statutory maximum. Doc. 1, p. 9. Petitioner

asserts that his sentence is illegally multiplicitous, as his conduct was a single offense and the five firearms could not be divided into five offenses and sentences. *Id.*, p. 10.

Petitioner was sentenced to three and a half years in state court in 1989, to be followed by probation. Doc. 2, App. A, pp. 1-2. He was released from the imprisonment portion of his sentence, as a warrant was issued for violation of probation in 1992. *Id.*, p. 2. Petitioner was sentenced to life in this court in case number 4:92cr4013-WS, and attempts to obtain relief under 28 U.S.C. § 2255 have been unsuccessful. *See* docs. 1633 and 1679 in that file, discussing post conviction history.[1]

According to the Corrections Offender Network of the Florida Department of Corrections, Petitioner's supervised release was terminated in 2000, and no detainers are pending. Petitioner is not "in custody" of his Florida conviction for purposes of § 2254 as the sentence has fully expired, and this court lacks jurisdiction. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989).[2]

---

[1] The report and recommendation of July 25, 2005, recommended that the motions (titled "Jurisdictional Question" and "Void Judgment Fraude [sic] on the Court Lack of Jurisdiction") be summarily denied. Doc. 1633. The recommendation was adopted and judgment was entered on the docket on August 22, 2005. Docs. 1640 and 1641. Reconsideration was denied, and a certificate of appealability and leave to appeal in forma pauperis were denied by this court and the Eleventh Circuit. Docs. 1648, 1655, and 1693. Reconsideration was denied by the Eleventh Circuit and the Supreme Court denied certiorari. Docs. 1702 and 1708. The report and recommendation of December 9, 2005, recommended summary dismissal of a "Memorandum in Support of 28 U.S.C. § 2255 6(3) Motion." Doc. 1679. The recommendation was adopted and judgment was entered on the docket on January 31, 2006. Docs. 1696 and 1697. No appeal was taken.

[2] Even if Petitioner were in custody, the § 2254 petition would be untimely under § 2244(d) (providing a one year limitations period, which generally runs from the date on which the judgment at issue became final unless a later date applies). Since Petitioner's conviction was final before April 24, 1996 (when the one year period became effective), he had one year from that date to file a § 2254 petition. Wilcox v. Florida Dept. of

To the extent Petitioner could be challenging the Florida judgment because of some effect on the current federal sentence, Petitioner is not entitled to relief. Such a claim would proceed by § 2255 motion in the criminal case. *See* McCarthy v. United States, 320 F.3d 1230, 1231, n. 1 (11th Cir. 2003) (district court correctly construed § 2254 petition challenging expired state convictions used to enhance federal sentence as challenging current federal sentence under § 2255). Section 2255 relief has been denied, and authorization from the Eleventh Circuit is required before a second or successive § 2255 motion is filed. § 2255 (incorporating § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). *See also* docs. 1633 (pp. 6-7) and 1679 (p. 2) in 4:92cr4013-WS. Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (2255 motion).

It is additionally noted that, as in McCarthy, Petitioner did not file a direct appeal in state court or file a timely § 2254 petition, and unsuccessfully sought Fla.R.Crim.P. 3.850 relief outside the two year time limit of Rule 3.850. Doc. 2, App. C; 320 F.3d at 1233. His case is therefore controlled by Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), holding that where the prior conviction is no longer open to direct or collateral attack in its own right the defendant is without recourse, and

---

Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

may not collaterally attack the prior conviction under § 2255.  320 F.3d at 1232-34,

*citing* 532 U.S. at 382, 121 S.Ct. at 1583.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging Petitioner's 1989 conviction out of Gadsden County, Florida, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2006.


 S/      William C. Sherrill, Jr.
 **WILLIAM C. SHERRILL, JR.**
 **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.