IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EMERSON O. DAVIS,
        Petitioner,

vs.                                                CASE NO.: 4:06cv300-SPM/WCS

STATE OF FLORIDA,
        Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation dated July 11, 2006 (doc. 7). Petitioner has been furnished a copy and has filed an objection (doc. 8) and memorandum (doc. 9). Upon careful review pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation should be adopted and that Petitioner's § 2254 petition challenging his 1989 conviction out of Gadsden County, Florida be summarily denied.

Petitioner contends that, contrary to the magistrate judge's conclusion, the State of Florida has an active detainer against him, thus placing him "in custody" for purposes of § 2254. Assuming for the sake of argument that this contention is true, the § 2254 petition is still subject to summary denial because it is untimely.

Petitioner had until April 24, 1997 to file his § 2254 petition. See Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). The letter he

submitted to the state court on April 20, 1997 did not toll the time for filing a § 2254 petition.

Although the actual letter is not in any of the materials submitted by Petitioner to this Court, according to Petitioner's description of the letter he was requesting that he be brought to state court for prosecution on a pending violation of probation. He was not challenging the underlying criminal judgment. Petitioner's letter, therefore, cannot be construed as a properly filed application for state post-conviction relief or other collateral review so as to toll the time limit for filing a § 2254 petition. The tolling provision, by its plain language, encompasses only challenges to the underlying judgment. Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).

Petitioner's subsequent requests for coram nobis relief, assuming that they constitute properly filed applications for relief, cannot toll the time limit because they were filed after the limit expired on April 24, 1997. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

Accordingly, it is hereby ORDERED as follows:

1. The magistrate judge's report and recommendation (doc. 7) is ADOPTED and incorporated by reference in this order.

2. Petitioner's § 2254 petition is summarily denied.

DONE AND ORDERED in this 13th day of September, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge